Juli M. Pierce
JULI PIERCE LAW, PLLC
P.O. Box 3221
Billings, Montana 59103-3221
Telephone: (406) 245-6330
juli@julipierce.com

Attorney for Defendant Aldo Fabrizio Pardini

## IN THE UNITED STATES DISTRICT COURT,
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>ALDO FABRIZIO PARDINI, JORGE LUIS MENDEZ-SANCHEZ, and JOSE JESUS ISLAVA-LOPEZ,<br><br>Defendants. | CR 18-102-BLG-SPW<br><br>**DEFENDANT ALDO PARDINI'S SENTENCING MEMORANDUM** |

COMES NOW the Defendant, Aldo Fabrizio Pardini, acting by and through his counsel of record, Juli M. Pierce, and offers this Sentencing Memorandum in advance of the Defendant's sentencing scheduled for *Wednesday, July 17, 2019, at 2:30 p.m.*

### I.  Introduction and Charges in Indictment

Defendant Aldo Pardini was charged with co-defendants Jorge Mendez-Sanchez and Jose Islava-Lopez in a Complaint for offenses that occurred on July 10,

2018. On August 2, 2018, Pardini was charged in an Indictment with Conspiracy to Distribute and Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (2). On January 17, 2019, Pardini entered a guilty plea to Count II of the Indictment before Judge Cavan. On February 1, 2019, this Court fully adopted Judge Cavan's findings and recommendations regarding Pardini's plea of guilty.

Co-defendant Mendez-Sanchez was sentenced by this Court on May 15, 2019, on Count II to 57 months in prison followed by five years of supervised release with a recommendation for the RDAP program, and he will be subject to deportation proceedings following his prison sentence. Co-defendant Islava-Lopez was sentenced by this Court on July 2, 2019, on Count II to 65 months in prison followed by years of supervised release and like Mendez-Sanchez, he will be subject to deportation proceedings following his prison sentence.

**II. Defendant's Personal and Substance Abuse History**

Defendant Pardini is 30 years old. Unlike his two co-defendants, he is a United States citizen, and he is married with two children, all of whom live in Mesa, Arizona.

As noted in the Pre-Sentence Report, Pardini first used cocaine at age 24 and has been using it daily since that time. (PSR ¶ 44). This cocaine addiction has caused significant problems in his life including employment issues, the end of his marriage

2

as he and his wife are separated, and one of the main reasons for his involvement in this offense, his first felony. Unfortunately, Pardini has never been through any kind of drug treatment to address his cocaine addiction.

### III.  Criminal History and Offense Level Computation

Pardini has been incarcerated on these offenses since the date of his arrest on July 10, 2019. Prior to that Pardini had no criminal history whatsoever as noted in the PSR at paragraphs 31 and 32.

Unlike his two co-defendants, Pardini did not qualify for a reduction in the Guidelines range for a minimal role in the offense because he used his vehicle to transport the methamphetamine to an unknown supplier in Billings. However, like his two co-defendants, Pardini meets the criteria for Safety Valve reduction under USSG §§ 5C1.2(a)(5) and 2.D1.1(b)(17). Based on the base offense level of 38 given the quantity of methamphetamine in his vehicle, a three-point level in reduction for timely plea and acceptance of responsibility, and a two-point reduction based on the safety valve reduction, his total offense level is 33 (for a guideline range of 135-168 months). However, because Pardini meets the criteria set forth in 18 U.S.C. §§ 3553(f)(1)-(5), the Court shall impose a sentence in accordance with the applicable guidelines without regard to the mandatory minimum sentence of 10 years and not more than five years supervised release. Pardini meets this criteria due to his complete lack of criminal history, the lack of violence involved in this crime, no

death or serious bodily injury occurred as a result of this crime, he was not a leader or supervisor, and he provided truthful information about his involvement in this crime.

### IV. Consideration of 3553(a) Factors at Sentencing

The fundamental consideration for the Court in sentencing is the directive that the court "shall impose a sentence *sufficient, but not greater than necessary*, to comply with the purposes [of sentencing]."18 U.S.C. § 3553(a) (emphasis added). This primary directive requires the Court to impose the *least severe* sentence necessary to satisfy the four purposes of sentencing: punishment, deterrence, protection of the public, and rehabilitation. 18 U.S.C. § 3553(2)(A-D). In fashioning a sentence, the Court must also "consider the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). In this regard, Pardini respectfully requests the Court consider those applicable mitigating factors under the § 3553 analysis. *U.S. V. Menyweather*, 447 F.3d 625, 634 (9th Cir. 2005) ("In the 'broader appraisal,' available to district courts after *Booker*, courts now have the discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed 'not ordinarily relevant,' such as age, education and vocational skills, mental and emotional conditions, employment record, and family ties and responsibilities.") In "sentencing an individual, [the] task is to attempt to find the most reasonable

4

sentence for that person within the territory of all possible reasonable sentences." *United States v. Zavala,* 443 F.3d 1165, 1170 (9th Cir. 2006).

18 U.S.C. § 3553(a)(1) is a "broad command to consider 'the nature and circumstances of the . . . the history and characteristics of the defendant.'" *Gall v. United States*, 128 S. Ct. 586, 596 n. 6 (2007). Section 3553(a) requires the Court to consider the nature and circumstances of the offense, the seriousness of the offense, promotion of respecting the law, to provide just punishment for the offense, and to avoid unwarranted sentencing disparities among defendants with similar records.

Pardini understands the seriousness of the offense and the circumstances surrounding the crime. He in no way minimizes the seriousness of the amount of methamphetamine he transported to this community. Pardini understands punishment is necessary as a result of this serious crime, and that his guideline range is higher than his two co-defendants. Like his co-defendants, Pardini has no criminal history. Unlike his co-defendants, he lived legally in Arizona and has a family there. He has a significant drug addiction and participated in this crime to feed that addiction. He needs treatment and requests a recommendation from the Court for the RDAP program as a rehabilitative part of his punishment. Considering the need to avoid unwarranted sentencing disparities among defendants who are similarly situated, Pardini respectfully requests the Court sentence him to no more than 65 months in prison followed by five years of supervised release. This sentence takes

into account the punishment component for his role in the offense, but also takes into account his drug addiction, complete lack of any criminal history, and his significant ties to his community. This sentence also takes into account sentencing disparities among similarly situated co-defendants.

RESPECTFULLY SUBMITTED this 3rd day of July, 2019.


By    */s/ Juli M. Pierce*
            JULI M. PIERCE
            P.O. Box 3221
            Billings, Montana 59103-3221

            Attorney for Defendant
            Aldo Fabrizio Pardini

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2019, a copy of the foregoing document was served on the following persons electronically through CM-ECF:

Clerk, United States District Court

Colin Rubich
Assistant United States Attorney
2601 2nd Avenue North, Ste 3200
Billings, MT 59101
Counsel for the United States

I hereby certify that a copy will be sent via United States Postal Service by July 8, 2019, to Defendant, Aldo Fabrizio Pardini, at the Big Horn County Detention Facility in Basin, Wyoming.

By   */s/ Juli M. Pierce*
          JULI M. PIERCE
          Attorney for Defendant
          Aldo Pardini